IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| FIRSTPAY, INC. | * | Case No. 03-30102-PM |
| | * | (Chapter 7) |
| Debtor | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MICHAEL G. WOLFF, TRUSTEE<br>11300 Rockville Pike<br>Suite 408<br>Rockville, Maryland 20852 | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| vs. | | Adversary No. 05-_____-PM |
| | * | |
| MICHAEL MASON<br>1525 Spencerville Road<br>Spencerville, Maryland 20868 | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>COMPLAINT FOR AVOIDANCE AND RECOVERY OF
PREFERENTIAL PAYMENTS AND/OR FRAUDULENT CONVEYANCES</u>

MICHAEL G. WOLFF ("Plaintiff"), the chapter 7 Trustee for the Bankruptcy Estate of Firstpay, Inc. (the "Debtor"), by JEFFREY M. ORENSTEIN and GOREN, WOLFF & ORENSTEIN, LLC, pursuant to 11 U.S.C. §§544, 547, 548 and 550 files his Complaint against Michael Mason ("Defendant"), and states as follows:

<u>JURISDICTION</u>

1. This is an adversary proceeding brought pursuant to Rule 7001 of the Bankruptcy Rules.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, 11 U.S.C. §§ 544, 547, 548 and 550 and Rule 7001 of the Bankruptcy Rules.

3. This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157.

## THE PARTIES

4. The Defendant is an individual who was an officer, director, and/or shareholder of the Debtor.

5. On or May 16, 2003 (the "Petition Date"), an Involuntary Bankruptcy Petition was filed against the Debtor.

6. Thereafter, Plaintiff was appointed as the Interim Chapter 7 Trustee of the Debtor's Estate and continues to serve in that capacity.

7. An Order for Relief was entered in this case on June 25, 2003.

## FACTUAL BACKGROUND

8. On January 3, 2000, the Debtor issued its check no. 11246 in the amount of $416.67 and its check no. 11247 in the amount of $166.67 (the "First Payments") to the Defendant.

9. On May 3, 2000, the Debtor issued its check no. 11551 in the amount of $416.67 and its check no. 11552 in the amount of $166.67 (the "Second Payments") to the Defendant.

10. The First Payment and the Second Payment cleared the Debtor's bank account on July 12, 2001.

11. On June 3, 2000, the Debtor issued its check no. 11619 in the amount of $416.67 and its check no. 11620 in the amount of $166.67 (the "Third Payments") to the Defendant.

12. On July 3, 2000, the Debtor issued its check no. 11666 in the amount of $416.67 and its check no. 1667 in the amount of $166.67 (the "Fourth Payments") to the Defendant.

13. On August 3, 2000, the Debtor issued its check no. 11712 in the amount of $416.67 and its check no. 11713 in the amount of $166.67 (the "Fifth Payments") to the Defendant.

14. On September 3, 2000, the Debtor issued its check no. 11765 in the amount of $416.67 and its check no. 11766 in the amount of $166.67 (the "Sixth Payments") to the Defendant.

15. On October 3, 2000, the Debtor issued its check no. 11831 in the amount of $416.67 and its check no. 11832 in the amount of $166.67 (the "Seventh Payments") to the Defendant.

16. On November 3, 2000, the Debtor issued its check no. 11886 in the amount of $416.67 and its check no. 11887 in the amount of $166.67 (the "Eighth Payments") to the Defendant.

17. On December 3, 2000, the Debtor issued its check no. 11951 in the amount of $416.67 and its check no. 11952 in the amount of $166.67 (the "Ninth Payments") to the Defendant.

18. The Third Payments through the Ninth Payment cleared the Debtor's bank account on January 5, 2001.

19. On January 3, 2001, the Debtor issued its check no. 12008 in the amount of $416.67 and its check no. 12009 in the amount of $166.67 (the "Tenth Payments") to the Defendant.

20. On February 3, 2001, the Debtor issued its check no. 12062 in the amount of $416.67 and its check no. 12063 in the amount of $166.67 (the "Eleventh Payments") to the Defendant.

21. On March 3, 2001, the Debtor issued its check no. 12109 in the amount of $416.67 and its check no. 12110 in the amount of $166.67 (the "Twelfth Payments") to the Defendant.

22. On April 3, 2001, the Debtor issued its check no. 12162 in the amount of $416.67 (the "Thirteenth Payments") to the Defendant.

23. On May 3, 2001, the Debtor issued its check no. 12230 in the amount of $416.67 and its check no. 12231 in the amount of $166.67 (the "Fourteenth Payments") to the Defendant.

24. The Tenth Payments through the Fourteenth Payments cleared the Debtor's bank account on July 12, 2001.

25. On June 3, 2001, the Debtor issued its check no. 12276 in the amount of $416.67 and its check no. 12277 in the amount of $166.67 (the "Fifteenth Payments") to the Defendant.

26. On July 3, 2001, the Debtor issued its check no. 12336 in the amount of $416.67 and its check no. 12337 in the amount of $166.67 (the "Sixteenth Payments") to the Defendant.

27. On August 3, 2001, the Debtor issued its check no. 12388 in the amount of $416.67 and its check no. 12389 in the amount of $166.67 (the "Seventeenth Payments") to the Defendant.

28. On September 3, 2001, the Debtor issued its check no. 12441 in the amount of $416.67 and its check no. 12442 in the amount of $166.67 (the "Eighteenth Payments") to the Defendant.

29. On October 3, 2001, the Debtor issued its check no. 12500 in the amount of $416.67 and its check no. 12501 in the amount of $166.67 (the "Nineteenth Payments") to the Defendant.

30. On November 3, 2001, the Debtor issued its check no. 12560 in the amount of $416.67 and its check no. 12561 in the amount of $166.67 (the "Twentieth Payments") to the Defendant.

31. On December 3, 2001, the Debtor issued its check no. 12625 in the amount of $416.67 and its check no. 12626 in the amount of $166.67 (the "Twenty-First Payments") to the Defendant.

32. On January 3, 2002, the Debtor issued its check no. 12666 in the amount of $416.67 and its check no. 12667 in the amount of $166.67 (the "Twenty-Second Payments") to the Defendant.

33. On February 3, 2002, the Debtor issued its check no. 12723 in the amount of $416.67 and its check no. 12724 in the amount of $166.67 (the "Twenty-Third Payments") to the Defendant.

34. On March 3, 2002, the Debtor issued its check no. 12804 in the amount of $416.67 and its check no. 12805 in the amount of $166.67 (the "Twenty-Fourth Payments") to the Defendant.

35. April 3, 2002, the Debtor issued its check no. 12852 in the amount of $416.67 and its check no. 12853 in the amount of $166.67 (the "Twenty-Fifth Payments") to the Defendant.

36. On May 3, 2002, the Debtor issued its check no. 12914 in the amount of $416.67 and its check no. 12915 in the amount of $166.67 (the "Twenty-Sixth Payments") to the Defendant.

37. On June 3, 2002, the Debtor issued its check no. 12988 in the amount of $416.67 and its check no. 12989 in the amount of $166.67 (the "Twenty-Sixth Payments") to the Defendant.

38. The Seventeenth Payments through the Twenty-Sixth Payments cleared the Debtor's bank account on July 16, 2002..

39. On July 3, 2002 and July 4, 2002 respectively, the Debtor issued its check no. 13029 in the amount of $416.67 and its check no. 130307 in the amount of $166.67 (the "Twenty-Seventh Payments") to the Defendant.

40. On August 3, 2002, the Debtor issued its check no. 13080 in the amount of $416.67 and its check no. 13081 in the amount of $166.67 (the "Twenty-Eighth Payments") to the Defendant.

41. On September 3, 2002 and September 4, 2002, respectively, the Debtor issued its check no. 13145 in the amount of $416.67 and its check no. 13146 in the amount of $166.67 (the "Twenty-Ninth Payments") to the Defendant.

42. On October 3, 2002, the Debtor issued its check no. 13184 in the amount of $416.67 and its check no. 13185 in the amount of $166.67 (the "Thirtieth Payments") to the Defendant.

43. On November 3, 2002, the Debtor issued its check no. 13238 in the amount of $416.67 and its check no. 13239 in the amount of $166.67 (the "Thirty-First Payments") to the Defendant.

44. On December 3, 2002, the Debtor issued its check no. 13276 in the amount of $416.67 and its check no. 13277 in the amount of $166.67 (the "Thirty-Second Payments") to the Defendant.

45. On January 3, 2003, the Debtor issued its check no. 13321 in the amount of $416.67 and its check no. 13322 in the amount of $166.67 (the "Thirty-Third Payments") to the Defendant.

46. On February 3, 2003, the Debtor issued its check no. 13357 in the amount of $416.67 and its check no. 13358 in the amount of $166.67 (the "Thirty-Fourth Payments") to the Defendant.

47. On March 3, 2003, the Debtor issued its check no. 13416 in the amount of $416.67 and its check no. 13417 in the amount of $166.67 (the "Thirty-Fifth Payments") to the Defendant.

48. April 3, 2003, the Debtor issued its check no. 13462 in the amount of $416.67 and its check no. 13463 in the amount of $166.67 (the "Thirty-Sixth Payments") to the Defendant.

49. The Twenty-Seventh Payments through the Thirty-Sixth Payments cleared the Debtor's bank account on May 1, 2003.

COUNT I
Avoidance of Preferential Transfers (11 U.S.C. §547)

50. The Seventeenth Payments through the Thirty-Sixth Payments (the "Preferential Transfers") were transfers within the meaning of 11 U.S.C. § 101(54).

51. Defendant was an insider of the Debtor.

52. The Preferential Transfers were made to or for the benefit of the Defendant, a creditor of the Debtor.

53. The Preferential Transfers were made for or on account of antecedent debts owed by the Debtor to the Defendant before the Preferential Transfers were made.

54. The Preferential Transfers were made while the Debtor was insolvent.

55. The Twenty-Seventh payments through the Thirty-Sixth Payments were made within 90 days before the Petition Date.

56. The Preferential Transfers were made within one year before the Petition Date.

57. The Preferential Transfers to Defendant enabled the Defendant to receive more than he would have otherwise received if the Debtor's bankruptcy case were a case under Chapter 7, the Transfers had not been made, and Defendant had only received payment on account of his unsecured pre-petition debt in accordance with the United States Bankruptcy Code.

58. The Defendant may have received other payments during the year that preceded the filing of the Debtor's bankruptcy case.

WHEREFORE, the Plaintiff demands the following relief:

A.  That this Court enter a judgment against Defendant avoiding the Preferential Transfers and any other payments that the Defendant received within one year preceding the filing of the bankruptcy case; and

B.  For such other and further relief as the nature of this cause may require.

## COUNT II
### Avoidance of Fraudulent Conveyances (11 U.S.C. §548)

59. Plaintiff realleges and incorporates by reference paragraphs 1 through 58 as if fully set forth herein.

60. The Preferential Transfers were transfers within the meaning of 11 U.S.C. § 101(54).

61. The funds represented by the Preferential Transfers were property of the Debtor that, but for the transfers, would have been property of the Debtor's bankruptcy estate.

62. The Preferential Transfers were made within one year of the Petition Date.

63. At the time of the Preferential Transfers, the Debtor was not indebted to Defendant.

64. The Debtor received no consideration in exchange for the Preferential Transfers.

65. The Debtor was insolvent on the date that each of the Preferential Transfers were made.

66. The Defendant may have received other payments during the year that preceded the filing of the Debtor's bankruptcy case.

WHEREFORE, the Plaintiff demands the following relief:

A.  That this Court enter a judgment against Defendant avoiding the Preferential Transfers and any other transfers that the Debtor received within the year preceding the filing of the bankruptcy case; and

B.  For such other and further relief as the nature of this cause may require.

COUNT III
FRAUDULENT CONVEYANCE
(Md. Code Ann., Com. Law § 15-204)

67. The allegations set forth in paragraphs 1 through 66 of this Complaint are incorporated herein by reference.

68. The First Payment through the Thirty-Sixth Payment (the "Transfers") were each a conveyance within the meaning of § 15-201(c) of the Commercial Law Article of the Maryland Annotated Code.

69. Each of the Transfers was made at a time when the Debtor was insolvent or the Transfers rendered the Debtor insolvent within the meaning of § 15-202 of the Commercial Law Article of the Maryland Annotated Code.

70. Each of the Transfers was made without fair consideration within the meaning of § 15-203 of the Commercial Law Article of the Maryland Annotated Code.

71. The Defendant may have received other payments during the three years that preceded the filing of the Debtor's bankruptcy case.

WHEREFORE, the Plaintiff demands the following relief:

A.  That this Court enter a judgment avoiding the Transfers and any other payments received within three years of the filing of the bankruptcy case; and

B.    For such other and further relief as the nature of this cause may require.

COUNT IV
FRAUDULENT CONVEYANCE
(Md. Code Ann., Com. Law § 15-205)

72.    The allegations set forth in paragraphs 1 through 59 of this Complaint are incorporated herein by reference.

73.    At the time of the each of the Transfers, the Debtor was engaged in business.

74.    After each of the Transfers, an unreasonably small amount of capital remained in the hands of the Debtor.

75.    Each of the Transfers by the Debtor to Defendant was a fraudulent conveyance within the meaning of § 15-205 of the Commercial Law Article of the Annotated Code of Maryland as to creditors and other persons who became creditors during the continuance of the Debtor's businesses.

WHEREFORE, the Plaintiff demands the following relief:

A.    That this Court enter a judgment avoiding the Transfers and any other payments received within three years of the filing of the bankruptcy case; and

B.    For such other and further relief as the nature of this cause may require.

COUNT V
FRAUDULENT CONVEYANCE
(Md. Code Ann., Com. Law § 15-206)

76.    The allegations set forth in paragraphs 1 through 75 of this Complaint are incorporated herein by reference.

77.    Each of the Transfers by the Debtor to Defendant, was a fraudulent conveyance as to both present and future creditors within the meaning of § 15-206 of the Commercial Law

Article of the Annotated Code of Maryland since, regardless of the knowledge or intentions of the Defendant, the Debtor intended and/or believed that it would incur debts beyond its ability to pay those debts as those debts matured.

WHEREFORE, the Plaintiff demands the following relief:

A.    That this Court enter a judgment avoiding the Transfers and any other payments received within three years of the filing of the bankruptcy case; and

B.    For such other and further relief as the nature of this cause may require.

COUNT VI
FRAUDULENT CONVEYANCE
(Md. Code Ann., Com. Law § 15-207)

78.    The allegations set forth in paragraphs 1 through 77 of this Complaint are incorporated herein by reference.

79.    Each of the Transfers by the Debtor to Defendant was a fraudulent conveyance as to both present and future creditors within the meaning of § 15-207 of the Commercial Law Article of the Annotated Code of Maryland since each of the Transfers was made by the Debtor with the actual intent to hinder, delay or defraud the Debtor's present or future creditors.

WHEREFORE, the Plaintiff demands the following relief:

A.    That this Court enter a judgment avoiding the Transfers and any other payments received within three years of the filing of the bankruptcy case; and

B.    For such other and further relief as the nature of this cause may require.

### COUNT VII
### Turnover of Avoided Preferential and/or Post-Petition Payments (11 U.S.C. § 550)

80. Plaintiff realleges and incorporates by reference paragraphs 1 through 79 as if fully set forth herein.

81. Defendant was the initial transferee of the Transfers.

WHEREFORE, the Plaintiff demands the following relief:

A. That this Court enter a judgment against Defendant and in favor of Plaintiff in the amount of $21,666.91 plus all other amounts received by Defendant from the Debtor during the three year period immediately preceding the bankruptcy case, plus interest at the applicable federal rate from the date of each of the transfers; and

B. For such other and further relief as the nature of this cause may require.

Respectfully submitted,

\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#07512)
Goren, Wolff & Orenstein, LLC
One Central Plaza
11300 Rockville Pike, Suite 408
Rockville, Maryland  20852
(301) 984-6266

Attorneys for Michael G. Wolff, Chapter 7 Trustee